# W. W. SALSBURY
v.
## HENRY FALK.

*Pleading—Sufficiency of Plea Charging Fraud—Public Lands—Entry— Application.*

1.   Pleas charging fraud must state clearly and specifically the facts done or omitted which are supposed to constitute such fraud.

2.   In the case presented, the court below properly sustained a demurrer to the plea to the effect that the money sought to be recovered was advanced to the defendant for performing certain illegal services, there being a failure to state facts involving the parties in any wilful fraud.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. STRAWN & PATTON, for appellant.

All persons are conclusively presumed to know what the law requires.   In legal contemplation, appellee knew a fraud was being committed against the laws of the United States, and knew he was paying out $250 to appellant for assisting him in such fraudulent transaction.

Appellee can not plead ignorance of the law. Elliott v. Swartwout, 10 Pet. 137; Mowatt v. Wright, 1 Wend. 355; Branham v. San Jose, 24 Cal. 585; Silliman v. Wing, 7 N. Y. 159.

The want of a consideration is of no avail against an executed contract. Maxwell v. Graves, 59 Iowa, 613.

An agreement to do an illegal act can not be enforced by either party. Bishop on Contracts, § 467.

But the voluntary performance of the illegal agreement by both parties places them, in effect, in the same position as if the original contract had been good; the law will help neither. Greenwood v. Curtis, 6 Mass. 358; Morris v. Hall, 41 Ala. 510; Green v. Hallingsworth, 5 Dana, 173; Myers v. Meinrath, 101 Mass. 366; Jacobs v. Stokes, 12 Mich. 381; Liners v. Hesing, 44 Ill. 113; Arter v. Byington, 44 Ill. 468.

Messrs. N. Q. TANQUARY and McILDUFF & TORRANCE, for appellee.

If the plea stated facts showing the transaction between plaintiff and defendant was an illegal one or prohibited by law, it shows that defendant was only acting as the agent of Charles A. Florence, of Chicago. The plea does not show that the defendant had paid the money over to his principal. Under the law, even though the transaction was a fraudulent one—one in which the law would help neither of the parties if completed—yet, where one of the parties to the transaction rescinds, as he may do while the money is in the hands of the agent, he can maintain an action to recover the money back from the agent. To permit this, say the courts, "is merely to allow a *locus pœnitentiœ*, and to prevent the illegal contract from being executed at all." Merryweather v. Nixon, 2 Smith's Lead. Cas. 7th Am. Ed. p. 479, and notes thereto; Knowlton v. Empire Spring Co., 14 Blatch. 364; White v. Franklin Bank, 22 Pick. 189; Adams Express Co. v. Reno, 48 Mo. 264; Hooker v. DePalos, 28 Ohio St. 251; Edgar v. Fowler, 3 East, 225.

By pleading this special plea the defendant must show clearly that the plaintiff is debarred from recovering from

him, upon grounds of public policy, the money he admits he secured. He is entitled to no consideration or protection at the hands of the court. The reason of the law is better and broader than that. It is the benefit of the public, and not the advantage of the defendant to an action, that is to be considered in cases in which one or more of several parties *in pari delicto* rely for defense upon the illegality of the transaction out of which the claim arises. In such cases the presumption is in favor of the transaction, and if it be susceptible of two meanings, one legal and the other not, that interpretation will be put on it which will support and give it operation. Lewis v. Davison, 4 Mees. & W. 654; Mittelholzer v. Fullerton, 6 Q. B. 989; Biel v. Miller, 11 Bush. 306.

In order to make a contract unlawful, as being against public policy or law, it must be manifestly or directly so. It is not sufficient that the contract is connected with some violation of law remotely or indirectly. Bier v. Gratt, 24 Gratt. 1.

C. B. SMITH, J. This is an appeal from the Circuit Court of Living-ton. The action is assumpsit on the common counts. The plaintiff sought to recover only on a claim for money advanced to the defendant for his use.

The defendant pleaded a special plea, setting up that the money was advanced to him by plaintiff for the purpose of paying him for performing certain illegal services for the plaintiff. The defendant afterward obtained leave to amend this plea, the amended plea being as follows:

"And now comes the defendant, by Strawn & Patton, his attorneys, and defends the wrong and injury, when, etc., and says that the plaintiff ought not to have his aforesaid action, because he says that the claim of the plaintiff under said declaration and bill of particulars filed herein is for money paid to the defendant by plaintiff, at his request, and defendant avers that said money was paid to him by the plaintiff for the purpose of procuring an entry of 160 acres of government land located in the State of Nebraska, under the timber culture land laws of the United States, by means of a written application signed by the plaintiff in the State of Illinois, the

same never having been sworn to by said plaintiff before the
register or receiver of the land office or the clerk of a court
of record, or other officer authorized to administer oaths in
the government land district where the said land was situated;
nor did the defendant know the law required said written
application to be sworn to; and defendant avers that said blank
application was forwarded to him by Charles A. Florence, of
Chicago, Illinois, and that he procured the signature of plaint-
iff thereto and returned the same to said Florence, and by
that means defendant procured from the register the receipt
for the payment of the government fee provided under said
laws, the plaintiff well knowing, at the time he signed said
application, that he was not to swear to the same, and further
knowing, at the time he received said receipt, that he had not
made an affidavit to the facts set out in said application, as re-
quired by law. And defendant avers that for such illegal
service he received from the plaintiff the money now sought
to be recovered back in this action. And this the defendant
is ready to verify, wherefore he prays judgment," etc.

A demurrer was entered to this plea by appellee, and sus-
tained by the court, and appellant abiding by his plea, and
there being no other plea on file, a jury was called to assess
the damages, which they did at $250.

After overruling a motion for a new trial, the court gave
judgment on the verdict; and appellant brings the case here
on appeal and assigns for error the action of the court in sus-
taining the demurrer to his amended plea.

We think the demurrer was properly sustained, and that
there was no error in so doing. The plea entirely fails to set
up any such state of facts as involved either the plaintiff or
the defendant in any wilful fraud upon the government. It
was probably the intention of the pleader to do so, but he
signally failed. The plea seems to be unintelligible. It is
certainly wanting in every element of a good plea charging
fraud. Pleas alleging fraud must state clearly and specifically
the facts done or omitted which are supposed to constitute the
fraud, so that the court may determine from the facts stated
whether or not a fraud has been committed, and so that the

party charged with the fraud may know what acts and facts are alleged against him, and be prepared to deny them in his replication and meet them on the trial.

The plea being bad in all these respects, the demurrer was properly sustained, and the judgment is affirmed.

*Judgment affirmed.*